Filed 5/23/22  P. v. Hernandez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>LEOBARDO HERNANDEZ,<br><br>     Defendant and Appellant. | B307077<br><br>Los Angeles County<br>Super. Ct. No. YA088222 |

APPEAL from an order of the Superior Court of Los Angeles County, Edmund Wilcox Clarke, Jr., Judge. Reversed and remanded with directions.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Petitioner Leobardo Hernandez appeals from the denial of his resentencing petition under Penal Code[1] section 1170.95. Hernandez contends, and the People agree, that he made a prima facie showing of eligibility for relief and, as a result, the court should have issued an order to show cause and held an evidentiary hearing. We agree with the parties and, therefore, reverse the order denying Hernandez's resentencing petition and remand the matter for further proceedings under section 1170.95.

# BACKGROUND[2]

In 2015, Hernandez was tried by a jury for murder, along with several gang and firearm enhancements. At trial, no evidence was presented that Hernandez was the shooter; rather, the People relied entirely on aiding and abetting principles in pursuing Hernandez's conviction.

The trial court instructed the jury on two forms of aiding and abetting liability under which it could convict Hernandez of first degree murder: a direct aiding and abetting theory and a natural and probable consequences theory. Under the direct aiding and abetting theory, the court instructed the jury it could convict Hernandez of first degree murder if it found: (1) the perpetrator committed the crime; (2) the defendant knew that the perpetrator intended to commit the crime; (3) before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; and (4) the defendant's

---

[1] All undesignated statutory references are to the Penal Code.

[2] Hernandez states that he does not dispute the facts set forth in this court's opinion in his direct appeal, *People v. Hernandez* (Oct. 4, 2016, B266206) [nonpub. opn.] (*Hernandez*). Our factual and procedural summary is taken from *Hernandez* and the appellate record.

words or conduct did in fact aid and abet the perpetrator's commission of the crime. The court further instructed that "[s]omeone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

The court also instructed the jury that it could convict Hernandez of first degree murder under a natural and probable consequences theory if it found: (1) the defendant is guilty of assault with a firearm; (2) during the commission of the crime of assault with a firearm a coparticipant in that assault with a firearm committed the crime of murder; and (3) under all of the circumstances, a reasonable person in the defendant's position would have known that the commission of the murder was a natural and probable consequence of the commission of the assault with a firearm. The court further instructed that "[a] natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence. If the murder was committed for a reason independent of the common plan to commit the assault with a firearm, then the commission of murder was not a natural and probable consequence of assault with a firearm." The court also instructed on the elements of assault with a firearm.

During closing argument, the prosecutor did not argue Hernandez was the direct perpetrator of the murder. Rather, she argued only that he was guilty of murdering the victim as an aider and abettor. Specifically, she told the jury it could convict Hernandez under either of the two theories of aider and abettor liability the court instructed on. While the prosecutor relied primarily on a direct aiding and abetting theory, she told the jury

that it did not need to go so far as finding Hernandez intended to aid and abet a murder, so long as it found he intended to aid and abet an assault with a firearm, the natural and probable consequence of which was murder.

The jury found Hernandez guilty of first degree murder, and it found true the gang enhancement allegation and the allegation that a principal personally discharged a firearm. The court sentenced Hernandez to a total term of 50 years to life in prison.

In 2016, we reversed Hernandez's conviction, concluding the trial court erred when it instructed the jury that it could convict Hernandez of first degree premeditated murder under a natural and probable consequences theory. Specifically, the court's instruction erroneously permitted the jury to find Hernandez guilty of first degree murder even if it found he did not act willfully, deliberately, and with premeditation. Because nothing in the record established beyond a reasonable doubt that the jury relied on a legally valid theory when it convicted Hernandez, we remanded the matter to allow the People to accept a reduction of his conviction to second degree murder or to retry him for first degree murder under a legally valid theory of culpability. Hernandez's conviction was later reduced to second degree murder, and he was resentenced to a total term of 40 years to life in prison.

In March 2019, Hernandez, representing himself, filed a resentencing petition under section 1170.95, in which he requested counsel be appointed to represent him. After the court appointed counsel for Hernandez, he filed a brief in support of his petition, to which he attached excerpts of the reporter's transcript from his trial, including the court's instructions on aiding and abetting liability and portions of the prosecutor's closing argument discussing the natural and probable consequences

4

doctrine. Hernandez later filed a supplemental brief in support of his petition.

The People opposed Hernandez's resentencing petition. They argued the court should deny the petition because Senate Bill No. 1437 (S.B. 1437) (Stats. 2018, ch. 1015) is unconstitutional and, in any event, Hernandez could not make a prima facie showing that he could not be convicted of murder under current law. The People attached several documents to their opposition, including a copy of our prior opinion in *Hernandez*, a copy of the trial court's minute order reciting the verdict in Hernandez's trial, a portion of the reporter's transcript from that trial, and copies of transcripts from Hernandez's interviews and conversations with uniformed and undercover police officers while he was in pretrial custody.

Hernandez filed a reply and several subsequent supplemental briefs in support of his petition.

On July 30, 2020, the court held a hearing on Hernandez's resentencing petition. The court denied the petition without issuing an order to show cause, finding Hernandez failed to make a prima facie showing that he was entitled to relief under section 1170.95. The court relied on our prior opinion in *Hernandez*, explaining that because we noted that there was evidence from which a jury could have convicted Hernandez of first degree murder under a valid theory and gave the People the option to accept a reduction of Hernandez's conviction to second degree murder or to retry him for first degree murder, Hernandez was necessarily ineligible for relief under section 1170.95. The court noted, however, "I believe if the Legislature had put in the statute an escape clause—for lack of a better term—that said, 'when the trial court is unable to decide whether the person was or was not convicted under a now permissible theory, the

discretion [of the court] to grant a new trial is given to the trial court'—and I would do it."[3]

Hernandez appeals.

## DISCUSSION

S.B. 1437 amended the felony murder rule and natural and probable consequences doctrine to ensure a "person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(g).) Relevant here, the bill limited accomplice liability for murder, providing that a person may be convicted of murder only if: (1) he was the actual killer; or (2) with the intent to kill, he aided and abetted the actual killer's commission of murder; or (3) he acted as a "major participant" in a felony listed in section 189 and acted with "reckless indifference to human life." (§§ 188, subd. (a)(3) & 189, subd. (e).)

S.B. 1437 also abolished second degree felony murder. (Stats. 2018, ch. 1015, § 2, amending § 188(e)(3).) Thus, the felony murder doctrine now applies only to those felonies listed in section 189, subdivision (a), and to accomplices who meet the requirements in section 189, subdivision (e).

In addition to changing the law of murder prospectively, S.B. 1437, gave people who had been convicted of murder under one of the now-invalid theories the opportunity to petition for resentencing under section 1170.95. (Stats. 2018, ch. 1015, § 4.)

---

[3] After the court denied Hernandez's petition, Senate Bill No. 775 (S.B. 775) (Stats. 2021, ch. 551) amended section 1170.95 to clarify that a defendant may petition for relief if, among other things, he "could not *presently* be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.)

As amended by S.B. 775, section 1170.95 now provides that a person convicted of, among other crimes, murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have his murder conviction vacated and to be resentenced on any remaining counts if (1) the complaint or information filed against the petitioner "allowed the prosecution to proceed under a theory of felony murder"; (2) the petitioner was convicted of murder "following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted" of murder; and (3) the "petitioner could not presently be convicted" of murder "because of changes to Section 188 or 189." (§ 1170.95, subd. (a).)

If the petitioner files a facially sufficient petition, the court must appoint counsel. (§ 1170.95, subd. (b)(3).) After allowing the parties to file briefs, the court must hold a hearing to "determine whether the petitioner has made a prima facie showing that [he] is entitled to relief." (*Id*. at subd. (c).)

In *People v. Lewis* (2021) 11 Cal.5th 952, the California Supreme Court clarified the scope of the trial court's inquiry at the prima facie stage under section 1170.95, subdivision (c). As the Supreme Court explained, the inquiry "is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.]" (*Lewis*, at p. 971.) While the court may review the record of conviction, it "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] … [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id*. at p. 972.) In other words, a denial at this stage " 'is appropriate only if the record of

7

conviction demonstrates that "the petitioner is ineligible for relief as a matter of law." ' " (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101 (*Ervin*).)

If the petitioner makes a prima facie showing that he is entitled to relief, the court must "issue an order to show cause" and "hold a hearing to determine whether to vacate the murder … conviction and to recall the sentence." (§ 1170.95, subds. (c) & (d)(1).) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder … under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. … The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. A finding that there is substantial evidence to support a conviction for murder … is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

"If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subd. (d)(3).) The petitioner's "conviction shall be redesignated as the target offense or underlying felony for resentencing purposes if the petitioner is entitled to relief pursuant to this section, murder or

8

attempted murder was charged generically, and the target offense was not charged." (*Id.* at subd. (e).)

Whether a petitioner has made a prima facie showing of eligibility for relief under section 1170.95 is a " 'purely legal conclusion, which we review de novo.' " (*Ervin, supra,* 72 Cal.App.5th at p. 101.) The parties agree, and so do we, that Hernandez made a prima facie showing that he is eligible for relief under section 1170.95.

In his resentencing petition, Hernandez alleged that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of first or second degree murder under one of those theories, and that he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by S.B. 1437. Hernandez's petition is, therefore, facially sufficient under section 1170.95. (§ 1170.95, subds. (a) & (b).)

Relying on our prior opinion, the court denied Hernandez's petition because it concluded there was evidence from which a jury might have convicted Hernandez of murder under a currently valid theory—i.e., direct aiding and abetting principles—thereby rendering him ineligible for relief under section 1170.95. This was error. While we noted in *Hernandez* that there "was evidence from which the jury could have found Hernandez guilty of first degree premeditated murder under direct aiding and abetting principles," we explained that the court's error in instructing on the natural and probable consequences doctrine during Hernandez's trial was prejudicial because nothing in the record established "that the jury relied on a direct aiding and abetting theory, as opposed to the natural and probable consequences theory, when it reached its verdict." Put

9

another way, nothing in the record of conviction establishes, as a matter of law, that Hernandez was convicted of murder under a currently valid theory. (See *Ervin*, *supra*, 72 Cal.App.5th at p. 101.)

Accordingly, we reverse the order denying Hernandez's resentencing petition. On remand, the court shall issue an order to show cause and hold an evidentiary hearing under section 1170.95, subdivision (d), at which the People will bear the burden of proving beyond a reasonable doubt that Hernandez is ineligible for relief. (§ 1170.95, subd. (d)(3).)

## DISPOSITION

The order denying Hernandez's resentencing petition is reversed. The matter is remanded to the trial court with directions to issue an order to show cause and hold an evidentiary hearing under section 1170.95.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.

10